**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

HOWARD MITCHELL, ADMINISTRATOR
OF THE ESTATE OF BERNICE ALDER,

                        Plaintiff,           **REPORT AND RECOMMENDATION**

       v.                             19-cv-06393 (EK) (ST)

EUNICE MAUD BROWNIE,

                        Defendants.
---------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

        Howard Mitchell, administrator of the Estate of Bernice Alder ("Plaintiff"), commenced this action against Eunice Maud Brownie ("Defendant") on November 12, 2019, alleging causes of action for fraud, conversion, unjust enrichment, and breach of fiduciary duty. Defendant has failed to answer or otherwise respond to Plaintiff's Complaint. Non-party U.S. Specialty Insurance Company ("USSIC") moved to stay this action. Thereafter, Plaintiff filed a Motion for Default Judgment against Defendant. The Honorable Eric R. Komitee referred USSIC and Plaintiff's Motions to the undersigned to issue a Report and Recommendation.

        For the reasons set forth below, the Court respectfully recommends that USSIC's Motion to Stay be DENIED, that Plaintiff's Motion for Default Judgment be DENIED and that the case be DISMISSED for lack of subject matter jurisdiction.

    **I.**    **BACKGROUND**

        **a. Factual Background**

        Decedent Bernice Alder ("Alder") died intestate on October 9, 2011. Compl. ¶¶ 1, 7, Dkt. No. 1. At the time of her death, Alder was a resident of King's County, New York. *Id.* Plaintiff is the administrator of Alder's estate (the "Estate"), which was formed in Kings County,

New York. *Id.* ¶ 1. Plaintiff is also a distributee of the Estate. Aff. Howard Mitchell, ("Mitchell Aff.") ¶ 4, Dkt. No. 16-2. Defendant, Alder's sister, is an individual residing in Charlotte County, Florida. Compl. ¶ 2.

Following Alder's death, Defendant filed Letters of Administration. *Id.* ¶ 7. Based on the family tree affidavit that Defendant submitted with her petition for Letters of Administration, Alder had fourteen distributees under New York State intestacy laws. *Id.* ¶ 8. On April 13, 2012, Defendant submitted to the Kings County Surrogate's Court (the "Surrogate's Court") an affidavit of assets and liabilities that showed the Estate held $590,297.25 of personal assets. *Id.* ¶¶ 9-10. The assets were composed of savings accounts, checking accounts, a money market account, annuities, investment accounts, and stock in specific companies. *Id.* After a contested proceeding, Defendant was appointed administrator of the Estate on June 18, 2012. *Id.* ¶ 8. As administrator, Defendant was charged with collecting the personal assets on behalf of the Estate. *Id.* ¶ 11. Defendant collected the assets, which were deposited into an account established for the Estate. *Id.* The Estate also contained real property located at 1512 Nostrand Avenue, Brooklyn, New York, which is not directly at issue in the present matter. *Id.* ¶ 12.

After a few years, Defendant had not taken steps to complete the administration of the Estate. *Id.* On December 16, 2015, the Surrogate's Court revoked Defendant's Letters of Administration and directed her to file an account of her proceeding. *Id.* ¶ 13; Mitchell Aff. ¶ 7. Plaintiff and Roy McKenzie, Esq. ("McKenzie") were appointed as co-administrators on August 2, 2017. Compl. ¶ 13. As co-administrators, Plaintiff and McKenzie determined "that [Defendant] had looted the estate of all the personal assets." *Id.* Defendant has not accounted for the funds. *Id.* ¶ 14.

### b. Procedural History

Plaintiff commenced this action against Defendant on November 12, 2019, alleging causes of action for fraud, conversion, unjust enrichment, and breach of fiduciary duty, and requesting damages in the amount of the allegedly looted assets. *See generally* Compl. Defendant was served on November 12, 2019. Aff. Service, Dkt. No. 6. Defendant failed to answer or otherwise respond to Plaintiff's Complaint. On December 20, 2019, Plaintiff requested default be entered against Defendant. Req. Certificate Default, Dkt. No. 7. The Clerk of Court entered default against Defendant on December 27, 2019. Clerk's Entry Default, Dkt. No. 8.

Non-party USSIC is the surety that issued an administrator's bond for Defendant. *See* Opp. Mot. Stay, Ex. A, Dkt. No. 13-1; Decl. Richard B. Demas Resp. Mot. Default J. ("Demas Decl.") ¶ 6, Dkt. No. 17. At the time Plaintiff commenced this action, Plaintiff had pending before the Surrogate's Court a petition for emergency release of the bond. *See* Demas Decl. ¶¶ 6-7. On November 18, 2019, the Surrogate's Court dismissed Plaintiff's petition because Plaintiff failed to appear. Demas Decl., Ex. 1, Dkt. No. 17-1. The Surrogate's Court's order advised Plaintiff that an accounting must be completed before release of the bond. *Id.* On March 18, 2020, USSIC filed a Letter Motion to Stay the instant action in the Eastern District of New York, pending the Surrogate's Court's decision on USSIC's forthcoming petition to compel an accounting. *See generally* Mot. Stay, Dkt. No. 12. This Motion has been fully briefed. *See generally* Opp. Mot. Stay, Dkt. No. 13; Reply Mot. Stay, Dkt. No. 15. Accompanying its Opposition, Plaintiff submitted documents from the Surrogate's Court proceedings. *See generally* Opp. Mot. Stay, Exs. A-C, Dkt. Nos. 13-1 – 13-3.

On March 31, 2020, Plaintiff filed a Motion for Default Judgement.  *See generally* Mot. Default J., Dkt. No. 16.  In support of his Motion, Plaintiff submits his own affidavit and an affirmation by counsel.  *See generally* Mitchell Aff.; Affirm Adrian A. Ellis ("Ellis Affirm"), Dkt. No. 16-3.  Plaintiff also submits documents from the Surrogate's Court proceedings and records of liquid assets of the Estate.  *See generally* Mot. Default J., Exs. A-J, Dkt. Nos. 16-4 – 16-13.  Based on these records, Plaintiff's Motion seeks an award of $442,918.45 against Defendant.[1]  Mot. Default J. at 6; *see* Mot. Default J, Exs. D-J.  This Motion has also been fully briefed.  *See generally* Opp. Mot. Default J., Dkt. No. 18; Reply Mot. Default J., Dkt. No. 19.  With its Opposition, USSIC submitted a declaration by its counsel.  *See generally* Demas Decl.

## II.    DISCUSSION

### a.  Jurisdiction

Plaintiff brings his action before this Court under diversity of citizenship jurisdiction.  Compl. ¶ 3; Mot. Default J. at 3; *see* 28 U.S.C. § 1332.  In both its Motion to Stay and its Opposition to Plaintiff's Motion for Default Judgment, USSIC contends that Plaintiff's claims are properly brought before the Surrogate's Court.  Mot. Stay at 2; Opp. Mot. Default J. at 2-7.  USSIC further avers that the probate exception to federal jurisdiction applies to this action.  Opp. Mot. Default J. at 2, 5-7.  Even where parties do not raise the issue, a district court is obligated to consider *sua sponte* whether subject matter jurisdiction exists.  *Town of Southold v. Go Green Sanitation*, 949 F. Supp. 2d 365, 369 (E.D.N.Y. 2013) (collecting cases).  "If the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff's counsel clarifies that the Motion for Default Judgment claims damages in a lesser amount than the Complaint because "the proceeds of some of the accounts listed in the complaint were paid to named beneficiaries."  Ellis Affirm ¶ 5.

4

"The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007). A federal court should decline subject matter jurisdiction under the probate exception only if a plaintiff seeks to: (1) administer an estate, probate a will, or accomplish any other purely probate matter; or (2) reach a *res* in the custody of a state court. *Id.* at 106 (citing *Marshall v. Marshall*, 547 U.S 293, 312 (2006)). Plaintiff does not here request that the Court engage in any purely probate matters. The Court will therefore focus on whether Plaintiff's claims implicate the second prong of the probate exception.

A court assessing whether a plaintiff attempts to reach a *res* controlled by a state court "must examine the substance of the relief that [the plaintiff is] seeking, not the labels they have used." *Mercer v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 677, 679 (2d Cir. 2015) (citing *Lefkowitz* 528 F.3d at 107). As Plaintiff notes, in *Lefkowitz v. Bank of New York*, the Second Circuit permitted claims that sought "damages from Defendants personally rather than assets or distributions from either estate" to proceed in the district court. *Lefkowitz*, 528 F.3d at 107-08; *see* Reply Mot. Default J. at 3. However, the *Lefkowitz* Court also dismissed under the probate exception counts that sought "to mask in claims for federal relief [plaintiff's] complaints about the maladministration of her parent's estates." *Id.* at 107. Importantly, the Court found that the probate exception applied to claims that sought, "in essence, a disgorgement of funds" controlled by the probate court. *Id.* "When the court-appointed executors of an estate take possession of property on its behalf, that property is deemed to be within the custody of the court that authorized them to do so." *Architectural Body Research Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 636 (S.D.N.Y. 2018) (collecting cases).

Here, Plaintiff seeks an award against Defendant to "recoup the wrongfully taken assets of the Estate."  Mitchell Aff. ¶ 11.  He explains, "[t]his is an action to recover money looted from the Estate by [Defendant] in breach of her fiduciary duties as administrator.  Said funds were recovered by [Defendant] throughout 2012 and to date have not been distributed to the distributees of the Estate."  Mot. Default J. at 3.  Plaintiff requests damages in the amount of $442,918.45, the value of the Estate's liquid assets that Plaintiff claims were "wrongfully taken" by Defendant.[2]  *Id.* at 6; Mitchell Aff. ¶¶ 10-11.  In support of this request, Plaintiff submits records of withdrawals from accounts, made while Defendant was administrator of the Estate.  Mitchell Aff. ¶ 10; Mot. Default J., Exs. D-J.  These records concern accounts that Defendant, in her affidavit of assets and liabilities, identified to the Surrogate's Court as belonging to Alder at the time of Alder's death.  Mot. Default J., Ex. B, Dkt. No. 16-5; *see Groman v. Cola*, 07 CV. 2635(RPP), 2007 WL 3340922, at *5 (S.D.N.Y. Nov. 7, 2007) (stating that property held by decedent at time of death "automatically became an asset of the Estate").  In light of the foregoing, Plaintiff is essentially asking this Court to return to Plaintiff allegedly mishandled funds belonging to the Estate.

Plaintiff notes, "there is not an active case pending in the [Surrogate's Court]."  Reply Mot. Default J. at 2.  This, however, is inconsequential to the issue of whether the Surrogate's Court has control over the Estate funds for jurisdictional purposes.  "[T]he jurisdiction of the court depends upon the state of things at the time of the action brought" and challenges to subject matter jurisdiction based upon diversity of citizenship are considered in light of the circumstances that existed at the time of filing.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *see also*

---

[2] Likewise, Plaintiff's Complaint seeks money damages of $590,297.25, the amount of Estate assets Plaintiff asserted Defendant had looted when he commenced this action.  *See* Compl.

*Mandell v. Dolloff*, 3:17-CV-01282-MPS, 2018 WL 3553343, at *3-4 (Dist. Conn. July 24, 2018) (finding probate exception bars claims where exercising jurisdiction "would lead this Court to dispose of property that was under the control of the probate court when this case was filed").  At the time Plaintiff commenced the instant action, the Surrogate's Court was considering Plaintiff's petition for the release of the administrator's bond that USSIC issued for Defendant.  *See* Opp. Mot. Stay at 3; Demas Decl. ¶¶ 6-7.  Earlier, the Surrogate's Court engaged in activities that amount to an exercise of control over the Estate: it appointed Defendant administrator, suspended her letters of administration, revoked her letters of administration and status as administrator, ordered her to file an account of her proceeding, and appointed Plaintiff and McKenzie as co-administrators.  Compl. ¶¶ 9-10, 13; Mitchell Aff. ¶ 7; Mot. Default J., Ex. C, Dkt. No. 16-6; *see Mercer*, 609 F. App'x at 679 (finding activity of surrogate's court precluded district court from exercising control over trust, where surrogate's court proceedings were ongoing and, before federal action was filed, surrogate's court issued letters testamentary and oversaw proceedings related to petition to remove executors); *Beach v. Rome Tr. Co.*, 269 F.2d 367, 371 (2d Cir. 1959) (finding demands for accounting and removal of trustee would interfere with state court proceedings, where estate and trust "are still in the process of administration in the Surrogate's Court").  Defendant has yet to submit to the Surrogate's Court the accounting that it ordered.  Mitchell Aff. ¶ 7; Ellis Affirm ¶ 7.  Further, Defendant collected the money at issue pursuant to her responsibilities as administrator.  *See* Compl. ¶¶ 8, 11; *see also Architectural Body Research Found.*, 335 F. Supp. 3d at 636.  The Surrogate's Court thus had control over the Estate assets at the relevant time.

      As suggested earlier, courts in this circuit have found claims seeking recovery of mishandled estate funds to be barred by the probate exception.  For example, the plaintiff in

*Bollenbach v. Haynes* brought an *in personam* suit against a distributee, seeking damages in the amount of the plaintiff's claimed share of estate assets that had been the subject of surrogate's court proceedings. *Bollenbach v. Haynes*, 18cv997, 2019 WL 1099704, at *1-3 (S.D.N.Y. Mar. 8, 2019). The *Bollenbach* Court determined that the plaintiff sought to reach a *res* in control of the state court because, despite their styling, the "claims fundamentally aim[ed] to divert to [the plaintiff] some portion of assets already under the supervision of the Surrogate's Court." *Id.*, at *4. Accordingly, the *Bollenbach* Court dismissed the claims pursuant to the probate exception. *Id.*, at *4-5; *see also Mercer v. Mercer*, CV 13-5686(SJF)(WDW), 2014 WL 3654667, at *1, 8 (E.D.N.Y. May 22, 2014) (finding breach of fiduciary duty, breach of contract, and breach of duty of loyalty claims against trustees barred by probate exception, where plaintiffs sought damages, to be paid to trust under control of surrogate's court, in amount of funds allegedly improperly distributed from that trust), *adopted by* 2014 WL 3655657 (E.D.N.Y. July 21, 2014). Because Plaintiff essentially seeks from Defendant Estate funds controlled by the Surrogate's Court, this Court respectfully recommends finding that his claims are precluded by the probate exception. Because it lacks jurisdiction, this Court further respectfully recommends that USSIC's Motion to Stay and Plaintiff's Motion for Default Judgment both be denied and that this matter be dismissed for lack of subject matter jurisdiction.

## III.    CONCLUSION

For the foregoing reasons the Court respectfully recommends that this action be dismissed for lack of subject matter jurisdiction.[3] Accordingly, the Court also recommends that both USSIC's Motion to Stay and Plaintiff's Motion for Default Judgment be DENIED.

---

[3] Though USSIC suggests the probate exception requires this action be stayed or held in abeyance, *see* Opp. Mot. Default J. at 2, the absence of subject matter jurisdiction warrants dismissal. Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *Architectural Body Research Found.*, 335 F. Supp. 3d at 625 (adopting recommendation that claims be dismissed for lack of jurisdiction under probate exception); *Mercer v.*

## IV.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


**SO ORDERED.**




_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York



Dated: Central Islip, New York
       March 5, 2021

---

*Bank of N.Y. Mellon, N.A.*, 13-CV-5686 (SJF) (WDW), 2014 3655657, at *1-3 (E.D.N.Y. July 21, 2014) (adopting recommendation that claims be dismissed because probate exception divests court of subject matter jurisdiction, and directing Clerk of Court to enter judgment and close case).